UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOE PITTS | * | CIVIL ACTION NO.: |
| | * | |
| *Plaintiff* | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | |
| SAM'S EAST, INC.; AND | * | MAGISTRATE: |
| THE OVERHEAD DOOR COMPANY | * | |
| OF SHREVEPORT, INC. | * | |
| *Defendants* | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant, Sam's East, Inc., hereby gives notice and removes this case to the United States District Court for the Middle District of Louisiana.

Sam's East, Inc. respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

1.

This matter was previously removed to the United States District Court for the Middle District of Louisiana in the matter entitled *Joe Pitts v. Sam's East, Inc.; and The Overhead Door Company of Shreveport, Inc.*, Civil Action No. 20-87-JWD-SDJ on February 14, 2020. See Rec. Doc. 1.[1]

---

[1]   All references to "Rec. Doc." refer to *Joe Pitts v. Sam's East, Inc.; and The Overhead Door Company of Shreveport, Inc.*, Civil Action No. 20-87-JWD-SDJ which was removed on February 14, 2020 and remanded on July 23,2020.

2.

On July 8, 2020, Magistrate Scott D. Johnson recommended that the case be remanded. Rec. Doc. 13 (also attached as Exhibit "A").  This matter was remanded back to state court on July 23, 2020 by Judge John W. deGravelles.  See Rec. Doc. 16 (also attached as Exhibit "B").

3.

Sam's East, Inc. incorporates this Court's findings and ruling as if copied herein *in extenso*. Specifically, the Court found that nondiverse defendant, The Overhead Door Company of Shreveport, Inc., was indeed, improperly joined.  However, the Court found that no qualifying "other paper" was received by Sam's East, Inc. and that Sam's East, Inc.'s removal under § 1446(b) was "***premature***."  See Rec. Doc. 13, page 14 (emphasis added).

4.

On August 26, 2020, counsel for Sam's East, Inc. received via e-mail "other paper" in the form of an Agreed Motion for Partial Dismissal With Prejudice signed by Plaintiff's counsel in favor of The Overhead Door Company of Shreveport, Inc.[2]

5.

Plaintiff acted in bad faith by withholding this motion to dismiss for nearly seven (7) months after verbally agreeing to dismiss, non-diverse defendant, Overhead Door on January 29, 2020.

6.

Sam's East, Inc. has filed this Notice of Removal more than one year after the commence of this action pursuant to 28 U.S.C. 1446(c)(1) because Plaintiff acted in bad faith to prevent Sam's

---

[2]  Exhibit C, E-mail dated August 26, 2020 from counsel for The Overhead Door Company of Shreveport, Inc. attaching signed Agreed Motion for Partial Dismissal with Prejudice.

East, Inc. from removing this action.  Congress created an exception to the time bar of one year where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 (5th Cir. 2019); 28 U.S.C. § 1446(c).

7.

"[B]ad faith 'may be overt or may consist of inaction . . . [such as] lack of diligence and slacking off.'" *Forth v. Diversey Corp.*, No. 13-CV-00808(A)(M), 2013 U.S. Dist. LEXIS 165315, at *5-6 (W.D.N.Y. Oct. 23, 2013) *citing Bank of China v. Chan*, 937 F.2d 780, 789 (2d Cir. 1991) (quoting Restatement (Second) of Contracts, §205, comment d); Black's Law Dictionary (Ninth ed.). "Since it would be extraordinary for a party directly to admit a 'bad faith' intention, his motive must of necessity be ascertained from circumstantial evidence." *Forth v. Diversey Corp.*, No. 13-CV-00808(A)(M), 2013 U.S. Dist. LEXIS 165315, at *5-6 (W.D.N.Y. Oct. 23, 2013) *citing Continental Insurance Co. v. N.L.R.B.*, 495 F.2d 44, 48 (2d Cir. 1974).

In *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287 (5th Cir. 2019), the Fifth Circuit affirmed the decision of the district court that the plaintiff acted in bad faith to prevent federal removal by refusing to dismiss the non-diverse defendant (Storm). The Hoyts "knew months beforehand that the evidence would not support the claims against Storm." The Hoyts dismissed Storm a mere two days after the one-year deadline expired. They did so without receiving any consideration from Storm. Before that dismissal, the Hoyts seem to have pursued their claim against Storm only half-heartedly which included not listing any fact witnesses for Storm and the Hoyts' expert witnesses made no serious efforts to establish Storm's liability.

In *Forth v. Diversey Corp.*, the magistrate judge recommended that the plaintiff's motion for remand be denied because there was evidence that, in delaying dismissal of the nondiverse

defendant from the action, plaintiffs acted in bad faith in order to prevent defendants from timely removing the action. *Forth v. Diversey Corp.*, 2013 U.S. Dist. LEXIS 165315 (W.D.N.Y. Oct. 23, 2013), adopted, 2013 U.S. Dist. LEXIS 165224 (W.D.N.Y. Nov. 20, 2013).

8.

On or about August 29, 2020, Plaintiff dismissed The Overhead Door Company of Shreveport, Inc. with prejudice after the initial removal was remanded and the case returned to state court.[3]

9.

Plaintiff acted in bad faith to prevent Sam's East, Inc. from removing this action because he waited until the one year federal removal deadline had passed to dismiss The Overhead Door Company of Shreveport, Inc.  After Plaintiff learned that The Overhead Door Company of Shreveport, Inc. had no involvement with the bay door at issue on January 29, 2020, Plaintiff ceased all discovery efforts against The Overhead Door Company of Shreveport, Inc.  This included cancelling the corporate representative deposition of The Overhead Door Company of Shreveport, Inc.  Plaintiff waited one month after the case was remanded back to state court to file the dismissal against The Overhead Door Company of Shreveport, Inc.  Plaintiff has no reasonable basis for failing to dismiss The Overhead Door Company of Shreveport, Inc. other than to prevent federal removal.  Defendant has previously discussed with this court on multiple occasions that Plaintiff would attempt to delay dismissal to defeat diversity jurisdiction. See Rec. Doc. 1; Rec. Doc. 6; and Rec. Doc. 14.

---

[3]    Exhibit C, Agreed Motion of Partial Dismissal With Prejudice.

10.

The parties are completely diverse and the amount in controversy exceeds $75,000. Plaintiff, Joe Pitts, is a natural person domiciled in the State of Texas. Defendant, Sam's East, Inc., is a foreign corporation organized under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas.

11.

Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. *See* La. C.C.P. 893. Thus, the defendant may meet its burden either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

12.

Plaintiff alleged in his Petition for Damages that his damages exceed the requisite amount for trial by jury in Louisiana which is in excess of $50,000. La. C.C.P. art. 1732(1).

13.

Plaintiff did not stipulate to damages below $75,000 exclusive of interest and costs in his responses to discovery.[4]

14.

On or about April 30, 2020, Plaintiff sent a settlement demand to Sam's East, Inc. for $18,000,000.00.[5] As noted by this Honorable Court and the court in *Hartford Ins. Grp. v. Lou-*

---

[4]  Exhibit D, Plaintiff's Answers to Interrogatories, Interrogatory No. 13.
[5]  Exhibit E, April 30, 2020 Settlement Demand.

*Con Inc.*, 293 F.3d 908, 909 (5th Cir. 2002), settlement demands may be considered when determining amount in controversy.

15.

Plaintiff was referred for an MRI of his left shoulder by Dr. Farah Anees. On February 8, 2019, Dr. Anees opined that the MRI of his left shoulder showed a 4 mm sized partial tear in the supraspinatus tendon.[6] Plaintiff reported to Dr. Anees that he was not working.[7] On September 4, 2019, Dr. Bala K. Giri noted that an MRIs of the lumbar spine and cervical spine showed:  1) cervical spondylosis without myelopathy, 2) displacement of lumbar intervertebral disc without myelopathy, 3) cervical disc displacement, high cervical region; 4) cervical disc displacement at C4-C5 level; 5) cervical disc displacement at C5-C6 level; 6) cervical disc displacement at C6-C7 level; and 7) neural foraminal stenosis of cervical spine, and 8) neural foraminal stenosis of lumbar spine.[8] Dr. Giri recommended a C3-4, C4-5, C5-6, C6-7 anterior cervical discectomy and fusion with instrumentation.[9] Plaintiff testified that he would like to proceed with the **four level cervical fusion** operation.[10]

16.

In *Hebert v. Boesch*, 194 So. 3d 798 (La. App. 1 Cir. 4/24/15), the First Circuit Court of Appeal affirmed an award of $75,000 in general damages for a C6-7 disc bulge with cervical radiculopathy & L4-5 mild bulge.  In *Edmond v. Cherokee Ins. Co.*, 170 So. 3d 1029 (La. App. 1 Cir. 4/24/15), the First Circuit Court of Appeal affirmed an award of $200,000 in general damages for an L4-5 disc herniation with a future recommendation of surgery.  Courts have held that the

---

[6]  Exhibit F, Medical Records of Dr. Farah Anees.
[7]  Exhibit F, Medical Records of Dr. Farah Anees.
[8]  Exhibit G, 9/4/19 Dr. Bala K. Giri Medical Records.
[9]  Exhibit G, 9/4/19 Dr. Bala K. Giri Medical Records.
[10]  Exhibit G, 9/4/19 Dr. Bala K. Giri Medical Records.

lowest reasonable general damage award for a non-surgical herniated disc is $50,000.[11] In *Maddox v. Bailey*, 146 So. 3d 590 (La. App. 1 Cir. 5/19/14), the First Circuit Court of Appeal increased a trial court general damage award to $70,000 for a torn labrum in the left shoulder that was repaired with arthroscopic surgery.

17.

Known medical expenses in the case total $23,495.80.

18.

Based on the foregoing, the amount in controversy exceeds $75,000 exclusive of interest and costs.

19.

Sam's East, Inc. hereby removes this matter to the United States District Court for the Middle District of Louisiana.

20.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

21.

Sam's East, Inc. reserves the right to submit additional evidence in support of removal as appropriate in future circumstances and to otherwise supplement this Notice of Removal.

22.

By virtue of this Notice of Removal, Sam's East, Inc. does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or other applicable law.

---

[11] *Sanchez v. Dubuc*, 12-526 (La. App. 5 Cir. 2/21/13) 110 So.3d 1140, 1146.

**WHEREFORE,** Defendant, Sam's East, Inc., prays that the above-described civil action now pending in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from there to the United States District Court for the Middle District of Louisiana and this action thereafter proceed in this Honorable Court.  Defendant's undersigned counsel signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/*Valerie Theng Matherne*
**VALERIE THENG MATHERNE (#25898)**
**TROY N. BELL (#20099)**
**JAMES M. MATHERNE (#26155)**
**COLIN F. LOZES (#35893)**
**COURINGTON, KIEFER, SOMMERS,**
**MARULLO & MATHERNE, L.L.C.**
P. O. Box 2350
New Orleans, LA 70176
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile:  (504) 524-7887
Email:  vmatherne@courington-law.com
         tbell@courington-law.com
         jmatherne@courington-law.com
         clozes@courington-law.com
***Attorneys for Defendant, Sam's East, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of September 2020, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court by using the CM/ECF system.  I also certify that I have forwarded a copy of this filing to counsel via facsimile and certified mail at the following addresses:

ATTORNEYS FOR PLAINTIFF, JOE PITTS

ARNOLD & ITKIN LLP

NOAH M. WEXLER (#34995)
JOHN BENJAMIN BIRELEY (#37587)
6009 Memorial Drive
Houston, Texas 77007
Telephone:  (713) 222-3800
Toll Free:   (866) 222-2606
Facsimile:   (713) 222-3850

AND

CLAYTON, FRUGÉ & WARD

A.M. "TONY" CLAYTON (#21191)
MICHAEL P. FRUGÉ (#26287)
RICHARD J. WARD, III (#32267)
MICHAEL C. HENDRY (#35819)
RANDALL "BLUE" GAY, JR. (#36464)
BRILLIANT P. CLAYTON (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone:  (225) 344-7000
Facsimile:   (225) 383-7631

ATTORNEYS FOR INTERVENOR, NEW HAMPSHIRE INSURANCE COMPANY

DEGAN, BLANCHARD & NASH, APLC

FOSTER P. NASH, III (#19079)
RICHARD W. SCHWERDTFEGER (#37298)
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone:  (504) 529-3333
Facsimile:   (504) 529-3337

                                                    s/*Valerie Theng Matherne*
                                                    **VALERIE THENG MATHERNE (#25898)**