# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOE PITTS**                                                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 20-631-BAJ-EWD**

**SAM'S EAST, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 16, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOE PITTS**                                                        **CIVIL ACTION**

**VERSUS**                                                        **NO. 20-631-BAJ-EWD**

**SAM'S EAST, INC., ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Leave to Amend the Complaint ("Motion for Leave"), filed by Joe Pitts ("Plaintiff").[1] Through the Motion for Leave, Plaintiff seeks to name a non-diverse party, DuraServ Corporation ("DuraServ"), as an additional defendant.[2] Sam's East, Inc. ("Defendant") has not filed an opposition memorandum to the Motion for Leave, nor has it requested an extension of time to do so.[3] Therefore, the Motion for Leave is deemed to be unopposed.

Applying the factors in *Hensgens v. Deere & Co.*,[4] it is recommended[5] that the unopposed Motion for Leave be granted, allowing Plaintiff leave to file his Amended Complaint.[6] As granting the Motion for Leave will destroy complete diversity, it is further recommended that the matter be

---

[1] R. Doc. 6.

[2] *Id. See also* R. Doc. 6-1.

[3] Local Rule 7(f) requires a party opposing a motion to "file a response, including opposing affidavits, and such supporting documents as are then available, within twenty-one days after service of the motion." Here, the Motion for Leave's Certificate of Service states that it was "electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on this 20th day o[f] October 20, 2020." R. Doc. 6, p. 2. Accordingly, under Local Civil Rule 7(f), Defendant's response to the Motion for Leave was due by no later than November 10, 2020. To date, Defendant has not filed an opposition memorandum or otherwise responded to the Motion for Leave.

[4] 833 F.2d 1179 (5th Cir. 1987).

[5] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. 09-2168, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, because the decision regarding Plaintiff's Motion for Leave will determine whether this Court continues to have diversity jurisdiction over this matter, and thus whether this matter should be remanded to state court, the motion is dispositive and a report and recommendation, rather than a ruling, is being issued relative to such motion. *See Vessell v. Wal-Mart Stores, Inc.*, No. 07-228, 2008 WL 2700010, at *2, n. 2 (M.D. La. July 9, 2008).

[6] R. Doc. 6-2.

remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack for subject matter jurisdiction. To the extent these recommendations are adopted, the pending Motion to Remand,[7] filed by Plaintiff, which is opposed by Defendant,[8] may be denied as moot.

## I.    BACKGROUND

In this civil action, Plaintiff claims that on January 7, 2019, he sustained injuries at Defendant's premises, located at 7400 Youree Drive in Shreveport, Louisiana, "when a bay door failed because its retention spring broke during normal use."[9] This case was initially removed to this Court on February 14, 2020,[10] but it was remanded to state court on July 23, 2020.[11] The pre-remand background contained in the Court's prior Report and Recommendation is adopted by reference.[12]

Defendant removed the case to this Court a second time on September 23, 2020, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[13] Defendant alleged that the parties are completely diverse, as Plaintiff "is a natural person domiciled in the State of Texas" and Defendant

---

[7] R. Doc. 9. On October 22, 2020, Plaintiff filed the Motion to Remand, arguing that remand is "appropriate for two basic reasons"—namely, (1) Plaintiff should be granted leave to amend to add claims against DuraServ, which, if granted, will destroy complete diversity; and (2) Defendant's removal is untimely because it was removed more than one year after the commencement of this action and Defendant cannot show that Plaintiff acted in "bad faith." *Id*. at pp. 1-2. *See also* R. Doc. 9-1.

[8] R. Doc. 10. In its opposition, Defendant argues (1) that the Motion to Remand is "premature" because the Motion for Leave has not yet been decided and "it is unknown whether the proposed new defendant, DuraServ, may be successful in invoking Rule 12(b)(6) motions or other arguments which could potentially merit its dismissal"; (2) given the length of time this case has been pending in federal court (collectively), as well as Plaintiff's "bad faith" in delaying the dismissal of the original non-diverse defendant, Overhead Door, "judicial efficiency" dictates the case remaining in federal court as remand "would needlessly prolong this matter and prejudice [Defendant] for spending significant time and resources on removal, motions, and briefs"; and (3) Plaintiff has not made the proper showing for remand because Plaintiff "neglected to state that the state of incorporation" the sought-to-be-added defendant, DuraServ, and "merely allege[d] that the principal place of business is in Texas, without attaching any support that a Texas city serves as the 'nerve center' for DuraServ."

[9] R. Doc. 1-11, p. 40, ¶ III-A.

[10] *See Joe Pitts v. Sam's East, Inc., et al.*, Civil Action No. 20-87-JWD-SDJ (M.D.La.), at R. Doc. 1.

[11] No. 20-87, at R. Doc. 1.

[12] No. 20-87, at R. Doc. 15.

[13] R. Doc. 1, at introduction.

is a "foreign corporation organized under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas," and that the "amount in controversy exceed $75,000."[14] Further, Defendant alleged that its 30-day period to remove this matter was triggered by receipt of "e-mail 'other paper'" under § 1446(b)—namely, the "form of an Agreed Motion for Partial Dismissal With Prejudice signed by Plaintiff's counsel in favor of The Overhead Door Company of Shreveport, Inc."[15] Finally, Defendant argued that, despite the fact that removal occurred more than one year after this action commenced, removal is proper under § 1446(c)(1) "because Plaintiff acted in bad faith to prevent [Defendant] from removing this action."[16]

Within a month of the second removal, Plaintiff filed the Motion for Leave, seeking to add DuraServ as a defendant, so Plaintiff can "pursue claims against the defendants who may be liable to him for his injuries."[17] In the proposed First Amended Petition ("Proposed Complaint"), Plaintiff alleges that DuraServ (1) "installed the bay door at issue and had, from time-to-time, performed maintenance and/or repair work at the bay doors at the [Defendant's] store at issue"; (2) "installed the defective springs, and/or failed to maintain or repair the springs despite their defective condition"; and (3) "knew or should have known that the springs were defective; it was responsible for repairing the springs or at least ensuring they were in safe working condition; and it failed to repair or replace the defective springs."[18] Because of this, Plaintiff alleges that DuraServ, along with Defendant, were "negligent, negligent *per* se, and grossly negligent," and are liable for Plaintiff's injuries.[19] As such, Plaintiff seeks leave to add DuraServ, the non-diverse party that Plaintiff alleges "was responsible for the door at issue" in this case.

---

[14] *Id*. at ¶ 10. Regarding the amount in controversy, Defendant alleged that "[o]n or about April 30, Plaintiff sent a settlement demand to [Defendant] for $18,000,000.00," among other things. *Id*. at ¶¶ 12-18.
[15] *Id*. at ¶ 4.
[16] *Id*. at ¶¶ 6-9.
[17] R. Doc. 6.
[18] R. Doc. 6-2, ¶¶ 10-11;
[19] *Id*. at ¶¶ 10-13.

Plaintiff argues that leave to amend is appropriate under Fed. R. Civ. P. 15(a)(2), as all relevant factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment," weigh in favor of granting leave to amend.[20] Plaintiff contends that he is "merely seek[ing] to add timely and viable claims, arising out of the same underlying facts, to obtain a complete adjudication and recovery," and "[f]ederal courts have regularly recognized the propriety of amending a complaint to add a joint tortfeasor."[21] Plaintiff also contends that permitting his amendment does not cause Defendant any undue prejudice because (1) Plaintiff is seeking to add a new defendant and new claims based on the same underlying facts, and Defendant should "welcome the new defendant whose presence could reduce its share of comparative fault," and (2) there is no scheduling order or discovery deadline currently set as this case was "filed, removed, remanded, and re-removed."[22] Further, Plaintiff argues that his amendment would not be futile, as it sets forth a "basic tort claim against DuraServ, the company responsible for installing, maintaining, and repairing the door at issue."[23]

Relatedly, Plaintiff contends that if his Motion for Leave is granted, and DuraServ added a defendant, "jurisdiction is improper in this Court because there is not complete diversity between Plaintiff and all Defendants."[24] Specifically, Plaintiff alleges that he is a "Texas citizen," and that DuraServ is a "Texas resident because its principal place of business is located in Dallas County, Texas."[25] Accordingly, Plaintiff contends that this matter should be remanded upon amendment.

---

[20] R. Doc. 6-1, pp. 2-4 (citations omitted).
[21] *Id*. at p. 3.
[22] *Id*. at pp. 3-4.
[23] *Id*. at p. 5.
[24] R. Doc. 6-2, ¶ 2.
[25] *Id*. at ¶¶ 2, 4, 6. *See also* R. Doc. 6-1, p. 2 (alleging, "DuraServ's place of business is located in Dallas County, Texas. As such it is not diverse from Plaintiff, who is also a Texas citizen.").

Defendant has not opposed the Motion for Leave.

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The court liberally construes Rule 15(a) in favor of amendment.[26]

However, when a post-removal amendment would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."[27]

When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."[28] The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities.[29] Applying these factors, the *Hensgens* court held the post-removal joinder of a non-

---

[26] *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments…evinces a bias in favor of granting leave to amend."); *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) ("[a] district court must possess a substantial reason to deny a request for leave to amend.") (quotations omitted).

[27] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995).

[28] *Hensgens*, 833 F.2d at 1182.

[29] *Id.*

diverse, non-indispensable party destroys diversity jurisdiction.[30]

Defendant removed the matter to this Court twice on the basis that diversity jurisdiction exists under 28 U.S.C. § 1332.[31] Per the Proposed Complaint, Plaintiff is a citizen of Texas for diversity jurisdiction purposes.[32] Defendant is incorporated and maintains its principal place of business in Arkansas; thus, it is a citizen of Arkansas.[33] Regarding DuraServ, Plaintiff alleges in the Proposed Complaint that DuraServ is a "foreign corporation headquartered in Dallas County, Texas."[34] In opposition to the Motion to Remand, Defendant alleges DuraServ is incorporated in Delaware.[35] Accordingly, DuraServ is a citizen of Delaware and Texas for diversity jurisdiction

---

[30] *Id.* In *Cobb*, as in *Hensgens*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable." 186 F.3d at 677. Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties for the purposes of the analysis required under § 1447(e). *Joseph v. Fluor Corp.*, Civil Action No. 07-516, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (citing *Cobb*, 186 F.3d at 680-81).

[31] R. Doc. 1. *See also* No. 20-87, at R. Doc. 1. Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will." *Hensgens*, 833 F.2d at 1181.

[32] R. Doc. 6-2, ¶ 4. ("Plaintiff Joe Pitts is a Texas citizen."). *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (With respect to individuals, "[f]or diversity purposes, citizenship means domicile…").

[33] No. 20-87, at R. Doc. 1, ¶ 8 (Defendant alleging that it is a "foreign corporation organized under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas."). *See also* R. Doc. 1-1, at p. 6 (Defendant is "incorporated in Arkansas and also has its principal place of business there. As such, it is an Arkansas citizen.").

[34] *Id.* at ¶ 6. In its opposition to the Motion to Remand, Defendant argues that "Plaintiff has not made the proper showing for remand" because he "merely alleges that [DuraServ's] principal place of business is in Texas, without attaching any support that a Texas city serves as the 'nerve center' for DuraServ." R. Doc. 10, pp. 9-10. Defendant's argument is unavailing. The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Defendant). *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). Plaintiff has alleged that DuraServ's principal place of business is in Dallas County, Texas. Despite pointing out that this is a "mere" allegation, Defendant has not provided any information to contradict this allegation. R. Doc. 10, pp. 9-10. Likewise, unlike Defendant's attachment of a record from the State of Delaware in response to Plaintiff's "failure" to allege DuraServ's state of incorporation in the Motion to Remand, Defendant did not submit any evidence regarding DuraServ's principal place of business, much less a document showing that DuraServ's principal place of business is in a state other than Texas. *Id. See also* R. Doc. 10-2. Regardless, according to the Louisiana Secretary of State website, of which the undersigned takes judicial notice, DuraServ is a Delaware corporation with its "principal business office" in Farmers Branch, Texas. *See Cupps v. Torus Specialty Ins. Co.*, No. 14-615, 2015 WL 1353273, at *1 (E.D. La. Apr. 27, 2015) (taking judicial notice of the Alabama Secretary of State website); *see also In re Katrina Canal Breaches Consol. Lit.*, 533 F. Supp. 2d 615, 632 (E.D. La. 2008) (discussing taking judicial notice of governmental websites).

[35] R. Doc. 10, pp. 9-10 ("[T]he state of incorporation of the newly proposed defendant, DuraServ, is Delaware."). *See also* R. Doc. 10-2.

purposes.[36] Because the addition of DuraServ as a defendant would destroy this Court's subject matter jurisdiction, thereby requiring remand, the Court must apply the *Hensgens* factors to determine whether to grant Plaintiff's post-removal Motion for Leave.[37]

Significantly, no party currently opposes the addition of DuraServ as a defendant.[38] Further, all four *Hensgens* factors weigh in favor of granting Plaintiff's Motion for Leave to add DuraServ as a defendant. First, there is no indication that Plaintiff's joinder of DuraServ is merely an effort to destroy diversity jurisdiction. Plaintiff's original Petition alleges that The Overhead Door Company of Shreveport, Inc. ("Overhead Door") "provided the door [at issue] to [Defendant] and/or had responsibilities for maintaining the door."[39] The original Petition further alleges that as a result of Defendant and Overhead Door's collective negligence, Plaintiff was injured when "a bay door failed because its retention spring broke during normal use."[40] Although Defendant initially removed this matter contending that Overhead Door was improperly joined, the allegations in the original Petition show that Plaintiff intended to assert claims against the person/entity that provided the door at issue to Defendant and/or maintained/repaired it.[41]

Additionally, Plaintiff's request to add DuraServ, who it now claims is a "joint tortfeasor" with Defendant,[42] followed (1) invoices submitted by Overhead Door to Plaintiff in discovery "reflecting that all maintenance work for [Defendant] ceased in 2014," and (2) a January 29, 2020

---

[36] 28 U.S.C. § 1332(c)(1). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In diversity cases involving corporation, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business for each corporation.").

[37] While Plaintiff did not specifically discuss the *Hensgens* factors in its Motion for Leave, and Defendant has not addressed them at all, there is sufficient information in the record to analyze these factors without the need for additional briefing.

[38] *See* footnote 3 and related text, *supra*.

[39] R. Doc. 1-11, pp. 39-42, ¶¶ III-A – IV-A.

[40] *Id*.

[41] R. Doc. 1-11, pp. 39-42, ¶¶ III-A – IV-A, VII-A.

[42] R. Doc. 6-1, pp. 5-6 (discussing why his proposed amendment to add DuraServ would not be futile and arguing that Defendant and DuraServ are joint tortfeasors).

7

"site inspection...during which the representative for Overhead Door stated that Overhead Door had neither manufactured or installed the bay door involved in Plaintiff's alleged incident."[43] Indeed, Plaintiff attached a "work order summary" relating to "repair" of the overhead door at the location of the incident, and DuraServ is listed as the vendor on this document.[44] Further, in its opposition to the Motion to Remand, Defendant does not argue that DuraServ is improperly joined and/or is not the entity that supplied Defendant with and/or repaired the door at issue. For these same reasons, it also does not appear that the amendment is futile.[45]

Consideration of whether Plaintiff has been dilatory in requesting this amendment weighs only slightly in favor of granting leave. Plaintiff alleges that he "intended to amend his state court petition to assert claims against DuraServ...because Dura-Serv—not Overhead Door—was responsible for the door at issue. But before Plaintiff did so, Defendant removed to this Court."[46] Defendant's opposition to the Motion to Remand argues that Plaintiff received the work order summary showing DuraServ's involvement with the door at issue on or about December 31, 2019,[47] and the site inspection at which original defendant Overhead Door denied any involvement with the door occurred on January 29, 2020. Yet, this matter was not removed for the second time until September 23, 2020, and the Motion for Leave was not filed until twenty-seven days later. Some of this delay was related to Defendant's initial removal (filed February 14, 2020),

---

[43] *See* No. 20-87, at R. Doc. 13 (Report and Recommendation recommending remand), *adopted by* R. Doc. 15.
[44] R. Doc. 6-3.
[45] *See* R. Doc. 6-1, pp. 5-6. Plaintiff argues that Defendant and DuraServ are joint tortfeasors so that interruption of prescription against one, interrupts as to all under Louisiana law. *Id.* Accordingly, Plaintiff's claim against DuraServ does not appear to be prescribed. *See* La. Code Civ. P. art. 2324(C). Because it appears that Plaintiff's claim against DuraServ is not prescribed on its face, it is not necessary to address whether the proposed Amended Complaint relates back under Fed. R. Civ. P. 15(c). *See, e.g.*, *Thomas v. Great West Casualty Co.*, No. 18-586, 2019 WL 3211976 (W.D. La. June 3, 2019) (discussing in detail relation back under Fed. R. Civ. P. 15(c) and interruption of prescription under La. Civ. Code art. 2324, and noting that the "relation back articles do not apply in the case of a joint tortfeasor sued after prescription has otherwise expired.").
[46] R. Doc. 6-1, pp. 1-2.
[47] R. Doc. 10, p. 3.

determining the propriety of Overhead Door's joinder (which Plaintiff did not contest),[48] and the initial remand (July 23, 2020). However, there is no explanation as to why Plaintiff did not seek leave to amend after the case was remanded July 23, 2020, but before September 23, 2020 (the date of the second removal).  Regardless, as no scheduling order has been entered in this case, nor has any significant activity beyond the pleadings stage occurred in this Court, this factor weighs slightly in favor of granting leave to amend.[49]

The third *Hensgens* factor looks at the prejudice to Plaintiff if leave to amend is denied.[50] "Considerations of cost, judicial efficiency and possible inconsistency of results militate not requiring plaintiff[s] to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances."[51] If leave is denied here, Plaintiff may be forced to litigate his claims against DuraServ in a separate forum from his claims against Defendant, despite Plaintiff's claim that Defendant and DuraServ are joint tortfeasors, whose combined negligence caused Plaintiff's injuries.[52] These considerations favor granting Plaintiff's request for leave, as Plaintiff's amendment does not appear futile. Further, consideration of the equities also favors granting Plaintiff leave to amend his complaint. As noted by Plaintiff, the addition of DuraServ may be to Defendant's advantage as DuraServ's liability (if any) may reduce Defendant's share of any liability. Accordingly, it is recommended that Plaintiff be granted leave to file his Proposed Complaint (R. Doc. 6-2) and that upon the filing of that complaint, this matter be remanded.

---

[48] *See* No. 20-87, at R. Doc. 13, p. 7 (noting that in briefing related to his Motion to Remand, Plaintiff "specifically state[d] that he '[did] not contest fraudulent joinder' [as to Overhead Door].").

[49] Conversely, as the nearly 800-page state court record attached to Defendant's Notice of Removal shows, significant activity, including discovery, has occurred while this case was pending in state court prior to removal. *See* R. Docs. 1-11 & 1-12. This too weighs in favor of granting leave and remanding this case to state court under the fourth *Hensgens* factor.

[50] *Hensgens*, 833 F.2d at 1182. *See also Darr v. Amerisure Ins. Co.*, 2016 WL 5110267, at *8 (M.D. La. Aug. 31, 2016).

[51] *Darr*, 2016 WL 5110267, at *8, quoting *Joseph v. Fluor Corp.*, 513 F.Supp.2d 664, 670 (E.D. La. 2007).

[52] R. Doc. 17, ¶ 4.

III.    **CONCLUSION AND RECOMMENDATIONS**

Because application of the factors this Court must consider weigh in favor, **IT IS RECOMMENDED** that the unopposed Motion for Leave to Amend the Complaint,[53] filed by Plaintiff, Joe Pitts, be **GRANTED**.  Because the addition of the non-diverse Defendant, DuraServ, Corporation, will destroy subject matter jurisdiction, **IT IS FURTHER RECOMMENDED** that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

If the above recommendations are adopted, the Motion to Remand,[54] filed by Plaintiff, Joe Pitts, should be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on July 16, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[53] R. Doc. 6.
[54] R. Doc. 9.